UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 09-542 |
| VERSUS | JUDGE DONALD E. WALTER |
| HAROLD TURNER | |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss Count One of the Indictment or for a Change of Venue to the District of New Jersey (Rec. Doc. 18), filed on behalf of Defendant, Hal Turner. For the following reasons, Defendant's Motion to Dismiss is **DENIED** and his Motion to Transfer is **GRANTED**.

I.     **FACTUAL BACKGROUND**

On June 2 and June 3, 2009, Hal Turner, in response to a ruling issued by a panel of Seventh Circuit Judges consisting of Chief Judge Frank Easterbrook, Circuit Judges Richard Posner and William Bauer, called on his website for citizens to take action against these judges.

According to the Criminal Complaint (Rec. Doc. 1), Turner stated "These Judges deserve to be killed." In addition, he posted pictures of these judges, their work addresses, and a picture of the Dirksen Federal Building where they worked with notations indicating "Anti-truck bomb barriers." (Rec. Doc. 1).

Following an investigation, the Federal Bureau of Investigation filed a Criminal Complaint (Rec. Doc. 1) on June 24, 2009 alleging that Turner "'threatened to assault and murder three United

States judges with intent to retaliate against such judges on account of the performance of official duties;' in violation of Title 18, United States Code, Section 115(a)(1)(B)." Turner was subsequently arrested.

## II. MOTION TO DISMISS

Turner argues that the "alleged acts which are part of the crime alleged, took place in the District of New Jersey (or California if we look to the location of registration of the domain name)." Motion at 7 (Rec. Doc. 18). "Nothing relevant to 18 U.S.C. § 115(a)(1)(B) occurred in the Northern District of Illinois, therefore, the *locus delecti* and the proper place of venue is in the District of New Jersey." *Id.* Consequently, Turner argues that since no portion of the crime took place in Chicago then venue is improper and Count One should be dismissed. This Court disagrees with Turner's reading of the facts.

The United States Constitution does guarantee the right of an accused to be tried in the state where the crime accused of has been committed:

> The Trial of all Crimes ... shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

U.S. CONST. art. III, § 2, cl. 3. The Sixth Amendment further clarifies this guarantee by stating "In all criminal prosecutions, the accused shall enjoy the right to ... trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. CONST. amend. VI. Federal Rule of Criminal Procedure 18 embodies that constitutional imperative to ensure that crimes are prosecuted where they occur.

Recently, the Seventh Circuit reiterated the Supreme Court's instructions to follow when

Congress does not provide a venue in a criminal statue. In those instances, the court should look to "'the nature of the crime alleged and the location of the act or acts constituting it.'" *United States v. Muhammad*, 502 F.3d 646, 652 (7th Cir. 2008) (quoting *United States v. Anderson*, 328 U.S. 699, 703, 66 S.Ct. 1213, 1216, 90 L.Ed. 1529 (1946)). In analyzing situations such as this, the Court has stated that "[t]he constitutional requirement is as to the locality of the offense, and not the personal presence of the offender." *Armour Packing Co. v. United States*, 209 U.S. 56, 76, 28 S.Ct. 428, 433, 52 L.Ed. 681 (1908).

Turning to the case at hand, Turner is accused of violating 18 U.S.C. § 115(a)(1)(B). This criminal statute does not have a specific venue provision. Therefore, the general venue provision contained in 18 U.S.C. § 3237(a) ("any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed . . .") governs the venue of this case.

As precedent dictates, this Court must analyze the nature of the alleged crime and the location of acts constituting it. In order to be convicted of violating 18 U.S.C. § 115(a)(1)(B), it must be proved that Turner (1) threatened to kill (2) three United States judges in Chicago (3) with the intention of impeding, intimidating, interfering with or retaliating against those judges (4) on account of their performance of their official duties. The thrust of this crime was to take place in Chicago. The threats came from New Jersey but their intended target and intended effects were located in Chicago, Illinois.

Taking all of this into consideration, this Court is satisfied that venue can either properly lie in Chicago or New Jersey. Accordingly, Defendant's motion to dismiss the indictment is denied.

## III. TRANSFER OF VENUE

Turner also requested in the alternative that his case be transferred to another venue. Pursuant to Federal Rule of Criminal Procedure 21 a criminal action may be transferred for trial. Under Rule 21, there are two grounds to justify the transfer of a criminal case–prejudice and convenience. Unfortunately, there appears to be no direction in the federal rules or advisory committee notes as to where the court should transfer venue or what specific factors the court should consider in its decision." Laurie L. Levenson, *Change of Venue and the Role of the Criminal Jury*, 66 S. CAL. L. REV. 1533, 1540 (May 1993).

### A. For Prejudice

Defendant, Hal Turner, has moved for this Court to transfer his case to another venue because of perceived prejudice in the Northern District of Illinois. According to Rule 21(a), "Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." The Advisory Committee Notes that followed the 1966 Amendments state that "[i]t is also made clear that on a motion to transfer under this subdivision [(a)] the court may select the district to which the transfer may be made." FED. R. CRIM. P. 21(a) advisory committee's notes.

Commentators such as WRIGHT & MILLER have stated that transfers under Rule 21(a) are extremely rare and difficult to get. 2 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 343 (3d ed. 2009). Nevertheless, the Supreme Court has stated that sometimes a transfer of venue is essential, "On at least one occasion this Court has explicitly held that only a change of venue was constitutionally sufficient to assure the kind of impartial jury that

is guaranteed by the Fourteenth Amendment." *Groppi v. Wisconsin*, 400 U.S. 505, 510-11, 91 S.Ct. 490, 493, 27 L.Ed. 2d 571 (1971).

In the Seventh Circuit, prejudice can be shown by demonstrating "actual prejudice" or "by presumed prejudice, which occurs in cases surrounded by a 'carnival atmosphere,' where 'pervasive and inflammatory pretrial publicity' makes juror bias inevitable." *United States v. Nettles*, 476 F. 3d 508, 513 (7th Cir. 2007).

As in other circuits, the standard of review in the Seventh Circuit for a denial of transfer of venue is abuse of discretion. *Id.* The courts have made clear that "[g]ranting or denying a change of venue motion is within the trial court's discretion." *United States v. Garza*, 664 F.2d 135, 139 (7th Cir. 1981).

Here, Turner alleges that "the dangers of provincial emotion and the likelihood of an unfair trial as a result are great." Motion at 11 (Rec. Doc. 18). To support this allegation of "provincial emotions," Turner states:

> The indictment at hand is almost entirely based on alleged death threats made against the Chief Judge of the 7th Circuit Court of appeal [sic] and two associate judges. Given that their chambers and court room are on the 26th and 27th floor of the very building that this trial will take place is on its face prejudicial. Because of the comments and postings that Defendant Turner allegedly made on his website regarding the judges, it will be so difficult to avoid the emotions of those in the Northern District of Illinois regarding this issue that Defendant Turner's trial must be transferred.

Motion at 11 (Rec. Doc. 18).

Although the motion makes no reference to the recent tragedy in which the Husband and Mother of a member of the District Court for Northern Illinois were slain, the Court takes notice of it and the widespread media coverage devoted to it. Memories are not so short as to erase the event

5

from the Public Mind.

It would appear that denying or granting this motion would lie within the sound discretion of this Court. On balance, it is this Court's opinion that granting the motion would best serve, not only Justice, but the appearance of Justice.

**B.     For Convenience**

The Defendant further urges this Court to consider a transfer of venue pursuant to Federal Rule of Criminal Procedure 21(b)–For Convenience. According to Rule 21(b), "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." The Advisory Committee Notes following the 1966 Amendments suggest that a court has the same discretion in transferring a case under subdivision (b) as they do in transfers under subdivision (a) ("Here, as in subdivision (a), the court may select the district to which the transfer is to be made.") FED. R. CRIM. P. 21(b) advisory committee's notes.

In *United States v. Jordan*, the Seventh Circuit tacitly adopted the use of the *Platt* factors in determining whether or not to transfer a case for convenience. 223 F.3d 676, 685 (7th Cir. 2000). The *Platt* factors are: "(1) location of corporate defendant [has been interpreted to mean simply location of defendant for individuals]; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer." *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 243-44, 84 S.Ct. 769, 771, 11 L.Ed. 2d 674 (1964). In addition to these factors

Judge Posner, writing for the majority, held "[n]othing in Rule 21(b) or in the cases interpreting it place on the defendant seeking a change of venue the burden of establishing 'truly compelling circumstances' for such a change. It is enough if, all relevant things considered, the case would be better off transferred to another district." *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995).

Turning to the *Platt* factors and the admonition of the Seventh Circuit in *In re Balsimo*, this Court considers Turner's motion. *Platt* factors 1, 3, and 6 all point in favor of transferring this case from Chicago to a location on the East Coast because Turner is a citizen of New Jersey, the statements at issue originated from New Jersey, and his business records are all likely in New Jersey. Finally, Turner will bear the heaviest burden because he will have to litigate in Chicago. In *In re Balsimo* the Seventh Circuit stated a defendant need only show that a "case would be better off transferred." 68 F.3d at 187 (7th Cir. 1995).

Again, on balance, Turner's claims of convenience are not totally persuasive. However, the 10th *Platt* factor allows a court to consider "any other special elements which might affect the transfer." 376 U.S. at 244, 84 S.Ct. at 771. In this instance, Turner has alleged prejudice that does require a transfer, and combined with the convenience factors this case warrants a transfer. *Therefore,* this Court, taking all things into consideration, holds that this case should be transferred to avoid any appearance of injustice.

C.  **Destination of Transfer**

Turner requested in his motion that this Court transfer this case to the District of New Jersey. This Court is not bound by this request. The Advisory Committee's notes states "[h]ere, as in subdivision (a), the court may select the district to which the transfer is to be made." FED. R. CRIM. P. 21(b) advisory committee's notes.

The Court notes that the lack of case law on this point and the nature of Rule 21(b) has lead prominent commentators to disagree on the extent of a judge's discretion under FED. R. CRIM. P. 21(b). WRIGHT & MILLER argue "that transfer under Rule 21(b) may only be to a district specified in the motion." 2 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 346 (3d ed. 2009). [1] Secondly, they argue the nature of Rule 21(b) "requires a balancing of convenience at the place selected by the prosecution against the place specified in the defendant's motion." *Id.*

This Court disagrees. The Federal Rules of Criminal Procedure as well as their accompanying notes give a court wide discretion. In fact "both the 1966 Advisory Committee Notes and the observations of commentators make it clear that transfer pursuant to Rule 21(b) may be ordered even to a district in which no part of the offense was committed." *United States v. Connelly*, 405 F. Supp. 735, 737 (S.D.N.Y. 1975).

Therefore, this Court orders that this matter be transferred to the United States District Courthouse for the Eastern District of New York. This location is available and is more convenient for the defendant and counsel than the Northern District of Illinois.

---

[1] They ground this assertion in the fact that in 1966 Rule 21(a) was amended to add the language "whether or not such district is specified in the defendant's motion [It is worth noting that this language was removed in the 2002 Amendments, but the advisory committee's notes say this change was merely stylistic not substantive.]" and no such language was added to Rule 21(b). *Id.*

## IV. CONCLUSION

Accordingly, this Court finds that venue for this action **IS PROPER** in the Northern District of Illinois Eastern Division. As such, Defendant's motion to dismiss is **DENIED**. Furthermore, this Court **GRANTS** the Defendant's motion to transfer venue pursuant to Federal Rule of Criminal Procedure 21. Therefore, this case is hereby transferred to the United States District Court for the Eastern District of New York in Brooklyn. Date of trial to be set via a telephone conference arranged by the Court.

**THUS DONE AND SIGNED**, this 8th day of September, 2009.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

9